SO ORDERED.

SIGNED this 07 day of May, 2007.

_J. Rich Leonard_
_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **PARTITIONS PLUS OF WILMINGTON, INC.,** | **Case No. 04-06776-8-JRL** |
| **D/B/A PARTITIONS, INC., D/B/A STORM** | **Chapter 7** |
| **PROTECTION SYSTEMS,** | |

**Debtor.**

**JAMES B. ANGELL, CHAPTER 7 TRUSTEE**
**FOR PARTITIONS PLUS OF WILMINGTON, INC.,**
**D/B/A PARTITIONS, INC., D/B/A STORM**
**PROTECTION SYSTEMS,**

**Plaintiff,**

| | |
|---|---|
| **v.** | **Adversary Proceeding No.** |
| | **L-06-00154-8-AP** |
| **WADE WILSON,** | |

**Defendant.**

_____

## ORDER

This case is before the court on the trustee's motion for summary judgment. On April 24, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding

pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## FACTS AND BACKGROUND

Partitions Plus of Wilmington, Inc. filed a chapter 11 bankruptcy petition on September 1, 2004. Thereafter, on November 9, 2004, the case was converted to one under chapter 7 and James B. Angell was appointed trustee. Prior to the debtor's bankruptcy filing, Wade Wilson was a labor subcontractor for the debtor.

On July 14, 2006, the plaintiff filed this adversary proceeding. The complaint alleged that the debtor made payments to the defendant within the ninety days prior the debtor's bankruptcy filing. The plaintiff contends that those payments were preferential transfers and are avoidable pursuant to 11 U.S.C. § 547(b) and recoverable under 11 U.S.C. § 550(a) in the amount of $84,843.36. The *pro se* defendant filed an answer on August 7, 2006.

On November 20, 2006, the plaintiff served discovery on the defendant. The discovery consisted of interrogatories, a request for admissions, and a request for production of documents. To date, the defendant has failed to answer any of the discovery requests, including the request for admissions. The trustee maintains that under Federal Rule of Civil Procedure 36, made applicable in bankruptcy by Bankruptcy Rule 7036, the defendant's failure to answer and deny the requests for admissions deems the matters contained in the requests admitted. Based on the deemed admissions, the trustee contends he has established all the necessary elements to prove the defendant received preferential transfers under § 547(b).

2

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).  Nevertheless, an issue of fact cannot be created through "mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

## ANALYSIS

Pursuant to 11 U.S.C. § 547(b) the trustee may recover certain preferential transfers made by the debtor in favor of specific creditors. In order for the trustee to avoid the transfers made by the debtor to the defendant, he must show that the transfers (1) were to or for the benefit of the defendant; (2) were for or on account of antecedent debts; (3) were made while the debtor was insolvent; (4) were made on or within ninety days before the debtor filed bankruptcy; and (5) enabled the defendant to receive more than he would have received if the transfers had not been made. 11 U.S.C. § 547(b). The Code places the burden of proving the avoidability of the

transfers on the trustee. 11 U.S.C. § 547(g).[1] The burden of proving the nonavoidability of the transfers is placed on the creditor against whom avoidance is sought. Id.

Federal Rule of Civil Procedure 36 allows a party to serve a written request for admissions on an adverse party. The request for admissions relates to statements or opinions of facts or the application of law to the facts. Fed. R. Civ. P. 36(a). The rule further provides that the party who was served with the request for admissions must answer it within thirty days or the matter is deemed admitted. Id. If the party fails to respond within the required period, the court may treat the admissions as conclusively established for purposes of summary judgment. Whiting v. Weslowski, 200 F.R.D. 263, 265 (E.D.N.C. June 5, 2000).

In this case, the trustee served Mr. Wilson with the request for admissions in November 2006. That request was never objected to or answered. Based on Mr. Wilson's failure to answer the trustee's request for admissions, the court finds the following facts establish a prima facie case under § 547(b). Mr. Wilson received at least twelve payments from the debtor within ninety days of the petition date, and those transfers total $84,843.36. At the time of each transfer, Mr. Wilson was a creditor of the debtor and the transfers were made to or for the benefit of Mr. Wilson. The debtor was insolvent at the time of each transfer, and Mr. Wilson received more than he would have received had the transfers not taken place. Mr. Wilson offered no defense as to why these transfers should be treated as unavoidable pursuant to § 547(c).

## CONCLUSION

Based on the foregoing, the court finds that transfers made to Mr. Wilson from the debtor

---

[1]As to the third element, there is a presumption that the debtor was insolvent during the ninety days prior to the petition date. 11 U.S.C. § 547(f).

within ninety days of the petition date are preferential transfers and are avoidable pursuant to 11 U.S.C. § 547(b). The trustee's motion for summary judgment is ALLOWED. Judgment is entered in favor of the trustee and against Mr. Wilson in the amount of $84,843.36.

**"END OF DOCUMENT"**